IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES L. SANDERS,

    Petitioner,                  No. CIV S-05-2250 FCD DAD P

    vs.

DIRECTOR OF CDC, et al.,

    Respondents.           ORDER

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction entered against him in the Solano County Superior Court. On December 3, 2007, respondents filed an answer to the petition. On January 2, 2008, petitioner filed a traverse. Before the court is petitioner's motion for an emergency federal injunction.

        In his defective motion,[1] petitioner alleges that Correctional Officers Grant, Morgan, Bumbaca, Little, Dean, Munoz, Allison, and Hartman are hindering his pursuit for relief

---

[1] Motions for emergency injunctive relief must be supported by (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 65-231. Petitioner's motion does not satisfy these requirements.

1

in this action. Specifically, petitioner alleges that the correctional officers have committed terrorist attacks against him in the form biological warfare. He alleges that they have contaminated his food, provided him with unsafe drinking water, contaminated the ventilation system, and used excessive force against him.

Petitioner is advised that this matter has been submitted for decision. As such, petitioner is not required to submit anything further in pursuit of habeas relief. In addition, Correctional Officers Grant, Morgan, Bumbaca, Little, Dean, Munoz, Allison, and Hartman are not parties to this action. Petitioner is advised that this court is unable to issue any order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Finally, petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In contrast, a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Petitioner's claims concern conditions of his confinement and therefore should be raised in a civil rights action if he wishes to pursue them. Accordingly, petitioner's motion for an emergency federal injunction will be denied without prejudice to the filing of a civil rights action should he wish to pursue his claims against Correctional Officers Grant, Morgan, Bumbaca, Little, Dean, Munoz, Allison, and Hartman.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's January 4, 2008 motion for an emergency federal injunction is denied.

DATED: January 11, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
sand2250.49a

2