IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES L. SANDERS,

    Petitioner,                   No. CIV S-05-2250 FCD DAD P

    vs.

DIRECTOR OF CDC, et al.,

    Respondents.               ORDER

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction entered against him in the Solano County Superior Court. On December 3, 2007, respondents filed an answer to the petition. On January 2, 2008, petitioner filed a traverse. Before the court is petitioner's second request for an emergency federal injunction.

        In his request, petitioner alleges that he experiences "impairment of brain motoring function," "abnormal central nervous system," and "extreme fatigue" because his "AM and PM meals are being secretly earmarked and contaminated." Petitioner contends that contaminated food will prevent him from preparing any future objections to the magistrate judge's recommendations, filing a notice of appeal, and commencing any new litigation. Petitioner also alleges that correctional officers have attempted to murder him through biological

1

1  warfare and asphyxiation and that they have sexually assaulted him and engaged in excessive
2  force against him.
3         Petitioner is advised that this matter has been submitted for decision. As such,
4  petitioner is not required to submit anything further in this case at this time. In addition,
5  Correctional Officers Morgan, Hartman, Lucas, Bumbaca, Dean, Little, Stephens, and Gant, who
6  petitioner alleges are ganging up on him, are not parties to this habeas action. This court is
7  unable to issue any order against individuals who are not parties to a suit pending before it. See
8  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Finally, petitioner is
9  advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to
10 challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484
11 (1973). In contrast, a civil rights action is the proper mechanism for a prisoner seeking to
12 challenge the conditions of his confinement. 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574
13 (9th Cir. 1991). Petitioner's claims concern conditions of his confinement and therefore should
14 be raised in a civil rights action if he wishes to pursue them. Accordingly, petitioner's request
15 for an emergency federal injunction will be denied without prejudice to the filing of a civil rights
16 action.
17        In accordance with the above, IT IS HEREBY ORDERED that plaintiff's January
18 22, 2008 request for an emergency federal injunction is denied.
19 DATED: April 9, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
sand2250.49a(2)